

_____
**ROBERT A. GORDON
U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| Patrica A. Robinson-Wolf, | * | Case No.   06-16534-RAG |
| Edward Wolf | * | Chapter    13 |
| | * | (converted from Chapter 7) |
| | * | |
| Debtors | * | |

### MEMORANDUM OPINION IN SUPPORT OF CONSENT ORDER
### AUTHORIZING COMPENSATION FOR CHAPTER 7 TRUSTEE

Before the Court for consideration is the Supplemental Memoranda Submitted in Support of Application for Allowance of Compensation and Reimbursement of Expenses to Chapter 7 Trustee (dkt. 60, hereafter "Supplemental Memo") filed on June 11, 2007 by the former Chapter 7 Trustee in this case after conversion to Chapter 13. The Supplemental Memo was filed at the behest of the Court as the result of a hearing held on April 25, 2007. For the reasons stated below, the Court will approve the former Chapter 7 Trustee's request for compensation as memorialized in a consent order submitted simultaneously with the filing of the Supplemental Memo.

Debtors initially filed a petition under Chapter 7 of the United States Bankruptcy Code on October 19, 2006 and Michael G. Rinn, Esq. (hereafter "Mr. Rinn" or "Trustee"), was appointed as Chapter 7 Trustee. After conducting the meeting of creditors on November 28, 2006, Mr. Rinn filed

-1-

an Application to Employ Counsel (dkt. 15), by which the Trustee sought to employ his firm, and a Notice of Assets (dkt. 16). To avoid the potential liquidation of non-exempt estate assets, Debtors filed a Motion to Convert to Chapter 13 (dkt. 18) on January 3, 2007. The Motion to Convert to Chapter 13 was granted by order entered on January 19, 2007[1].

Also on January 19, 2007, Mr. Rinn filed a Consent Application for Compensation to Chapter 7 Trustee (dkt. 20, hereafter "Application for Compensation"), by which Mr. Rinn sought compensation in the amount of $1,410 for work performed by him for the bankruptcy estate for the period from November 29, 2006 through January 4, 2007. The Application for Compensation provides that Mr. Rinn expended 1.2 hours of "legal" work[2] and 3.5 hours of "administrative" work[3], for a total of 4.7 hours at $300/hour during the brief period before conversion. Attached to the Application for Compensation as an exhibit are the Trustee's time entries to support the case-related work cited in the Application. The Application for Compensation recites that Debtors consented to the allowance of the Trustee's compensation as a pre-condition for the conversion of the case to Chapter 13.

At a hearing held on April 25, 2007, the Court denied the Application for Compensation without prejudice. The Court directed Mr. Rinn to amend the application to add the explicit consent of Debtor's counsel and to also address whether the request for compensation potentially ran afoul of 11 U.S.C.

---

[1] The Motion to Convert was granted before the Court ruled on the Trustee's Application to Employ.

[2] According to the Application for Compensation, such litigation services consisted of the preparation of objections to exemptions, although the docket does not reflect that any such objection was ever filed. According to the time entries attached to the Application for Compensation, the 1.2 hours of "legal" work were attributable to the drafting of a complaint for a preference and fraudulent conveyance action.

[3] According to the Application for Compensation, such administration services consisted of, *inter alia*, review of the schedules and financial information, asset analysis and identification, and preparation of motions to employ professionals. According to the time entries attached to the Application for Compensation, the Trustee performed administrative duties on seven different occasions.

§328(b)[4]. This section provides that when the trustee is also authorized to act as counsel for the estate, the court may allow compensation for the trustee's services in his role as such attorney only to the extent of actual legal services performed as an attorney and not for the trustee's general duties[5]. On one level, the purpose of this provision is to prevent a trustee from being paid twice for the provision of the same service. This principle, which bars the award of compensation for the duplication of services, is applied to all professionals who must seek court approval for compensation by Section 330(a)(4).

Generally, the Code provides for the bifurcation of the calculation and award of compensation to a Chapter 7 trustee and counsel for the Chapter 7 trustee. Under Section 326(a), a trustee in a Chapter 7 case receives a commission as compensation for his general trustee duties, calculated as a percentage of the distribution to creditors. Under Section 328(a), when the Chapter 7 trustee employs himself or his firm as attorney for the estate pursuant to Section 327(d), the trustee in his role as attorney receives compensation for legal services provided to the estate typically on an hourly fee basis or subject to some other court-approved fee arrangement.

In the instant Application of Compensation however, it appeared that the Trustee may have impermissibly combined these two separate calculations. Specifically, the Court was concerned about the propriety of a trustee seeking compensation for his trustee duties based upon his hourly billing rate for attorney services. A court's failure to honor that distinction between trustee duties and professional services, by awarding fees instead of a commission under somewhat similar circumstances, has resulted

---

[4] The Court conditionally confirmed Debtor's Chapter 13 plan at a hearing held on June 6, 2007, pending submission of Mr. Rinn's Supplemental Memo in support of his Application for Compensation. The proceeding memo from the confirmation hearing reflects that the Court directed Debtor to file an amended plan that provided for compensation for Mr. Rinn in the amount of no more than $1,400.

[5] As noted above, in this case an order was never entered authorizing the Trustee to act as attorney for the estate.

in the reversal of the award for an abuse of discretion.  <u>Assistant U.S. Trustee v. John Galt, Ltd.</u>, 130 B.R. 464, 466 (S.D. W. Va. 1989).

As the Trustee noted in the Supplemental Memo, the overarching principle guiding the approval of compensation to a trustee under Section 330(a) is the reasonableness of the compensation requested. This Court has traditionally gauged the reasonableness of the trustee's compensation by reference to the calculation of the trustee's commission under Section 326(a).  Indeed, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 added a new subpart to Section 330(a) which specifically mandates this approach:

> In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on Section 326.  Section 330(a)(7).

In this case, the Trustee did not actually distribute any funds to creditors and therefore may not be entitled to any commission under a strict interpretation of Section 326(a).  However, the Trustee was prevented from administering estate assets because Debtors decided to convert their case to Chapter 13 shortly after the filing of their petition under Chapter 7.  Debtors do not argue that Section 326(a) thwarts the Trustee's ability to claim reasonable compensation post-conversion for services performed while this case was proceeding under Chapter 7.  Indeed, Debtors agree that the Mr. Rinn is entitled to $1,400 as reasonable compensation for such services.  Likewise, since the issue is not in dispute, the Court does not challenge Mr. Rinn's general position in this instance.

The Court's only concern regards the methodology used by Mr. Rinn to arrive at the amount of compensation requested.  The Trustee seems to calculate the compensation requested by multiplying his total hours for work performed, composed of a mixture of trustee duties and attorney services, by his normal attorney billing rate of $300/hour.  In essence, the Trustee seeks reimbursement as if he was an attorney for all the services rendered pre-conversion, even if such work was in the nature of a

trustee's inherent duties[6]. Such approach runs afoul of the prohibition on the mixing of compensation for trustee duties and attorney services contained in Section 328(b). This methodology also violates the language contained in recently enacted Section 330(a)(7) which requires that a trustee's compensation shall be treated as a commission under Section 326(a).

The Court believes that the better approach is to calculate the maximum commission that the Chapter 7 trustee could have earned for his pre-conversion efforts based on the sums to be distributed under the Chapter 13 plan and then to voluntarily discount such commission by a reasonable amount, as determined by the circumstances of the case and the actual services performed. In re Hages, 252 B.R. 789, 795 (Bankr. N.D. Cal. 2000). When applying this discount rate and setting the ultimate amount of compensation sought, the trustee's hourly rate and number of hours of services rendered do provide significant guidance in setting the ultimate amount of compensation to be awarded, particularly when no party in interest objects to the application for compensation. Id. at 798-799.

Although it is not immediately clear from the Application for Compensation itself, the Court believes that it was Mr. Rinn's intent to follow this latter approach, per the formula postulated on pg. 8 of the Supplemental Memo. In arriving at the figure of $1,400, Mr. Rinn consciously and voluntarily reduced his compensation request from the maximum commission possible. Indeed, the Trustee notes that the amount of compensation sought is "both relatively small and below the amount a trustee can recover under 11 U.S.C. §326(a) for actual distributions to be made in the Chapter 13 proceeding", as the "total compensation based on plan payments would be $1,530".

Therefore, notwithstanding the prohibitions contained in the above cited sections, based on the consent of the Debtors and the fact that the amount requested is less than the maximum commission

---

[6] The Trustee has provided time entries that do sufficiently detail the nature of work performed, the dates and duration of the services provided, and the characterization of services as either administrative or legal in nature.

-6-

the Trustee could have earned based on the distributions to be made under the Chapter 13 plan, the Court rules that compensation requested by the Trustee is reasonable with the meaning of Section 330(a). By the separately executed consent order submitted by the parties, the Court will approve the award of compensation to the Trustee in the amount of $1,400 for services rendered to the Chapter 7 estate.

cc:     Debtor
        Debtor's Counsel - Candy L. Thompson
        Chapter 7 Trustee - Michael G. Rinn
        Chapter 13 Trustee - Gerard R. Vetter

**End of Order**